UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALLIANZ GLOBAL RISKS US INSURANCE CO., | ) Case No. 1:21-cv-02320 ) |
| Plaintiff, | ) Judge J. Philip Calabrese ) ) |
| v. | ) Magistrate Judge ) William H. Baughman, Jr. ) |
| DEPENDABLE PAINTING CO., | ) ) |
| Defendant. | ) ) ) |

## OPINION AND ORDER

In this dispute, Plaintiff Allianz Global Risks US Insurance Company, as the subrogee of Playhouse Square Foundation, seeks to recover approximately $275,000 paid under an insurance contract in connection with a construction project. Plaintiff alleges that The Dependable Painting Company, a subcontractor on the construction project, caused the damage at issue. After conducting a case management conference, the Court entered a Case Management Order (ECF No. 12) on March 1, 2022. In that Order, the Court set a deadline of April 30, 2022 for amendment of the pleadings, including to add parties. (*Id.*, PageID #241.) In their Rule 26(f) report, counsel proposed that same deadline. (ECF No. 11, PageID #237.)

At a status conference on May 10, 2022, Defendant represented that it intended to pursue claims against its insurer, either through a third-party complaint or in a separate action. Although the Court ordered Defendant to file any such motion

no later than May 17, 2022, the Court did not amend the Case Management Order or its deadline for adding parties. (*See* Minutes, May 10, 2022.)

On May 17, 2022, Defendant sought leave to file a third-party complaint against Zurich American Insurance Company. (ECF No. 13.) Under Rule 14, a party must obtain leave of court for a third-party complaint if filing more than fourteen days after answering. Fed. R. Civ. P. 14(a)(1). Here, Defendant answered in January 2022. (ECF No. 6.) In support of its motion, Defendant relies on authority confirming the propriety of adding an insurer to the underlying litigation to facilitate a resolution of the rights and responsibilities of all those with in interest in the underlying facts. *See American Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008); *National Surety Corp. v. Charles Carter & Co.*, 539 F.2d 450, 457 (5th Cir. 1976).

But the propriety of adding Zurich American under Rule 14 is not the issue. Because the Court set April 30, 2022 as the deadline to add parties, the question becomes good cause for amendment after the deadline. When exercising its discretion under Rule 14, a court should generally grant a *timely* motion except when it will delay the existing case or prejudice the parties. 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1443 (2010); *see also Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 650 (7th Cir. 2002) (quoting *Lehman v. Revolution Portfolio L.L.C.*, 166 F.3d 389, 395 (1st Cir. 1999)).

These authorities provide support for Defendant's motion. However, they mirror the liberal amendment policy of Rule 15(a)(2), which gives way to the good-cause requirement under Rule 16 where, as here, a deadline in a case management order passes. *See Bare v. Federal Express Corp.*, 886 F. Supp. 2d 600, 605 (N.D. Ohio 2012) (quoting *Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009)). Primarily, good cause measures the moving party's diligence in attempting to meet the schedule. *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 879 (6th Cir. 2020). "Consequently, the Court is permitted to examine the standard factors governing amendments under Rule 15(a) only if it is satisfied that the date for the filing of a motion for leave to amend is properly extended under the good cause provisions of Rule 16(b)." *Bare*, 886 F. Supp. 2d at 606 (quoting *Craig-Wood v. Time Warner N.Y. Cable LLC*, No. 2:10-CV-906, 2011 WL 4829687, at *2 (S.D. Ohio Oct. 6, 2011)).

Here, the record shows that Defendant has long known about its potential third-party claims, but did not seek to bring those claims in this case until after the deadline it negotiated for doing so. As for good cause, Defendant does not make an argument regarding its diligence. Finally, denial of the motion will not prejudice Defendant, which represented that it will file a separate action in any event. Although this case remains in its early stages in some respects, Defendant acknowledged at the status conference on May 10, 2022 that add new parties would likely require adjusting the deadlines in the Case Management Order. In that sense, adding a third-party defendant will work some delay on these proceedings and, at

least to an extent, add some additional complications in terms of discovery and case management.

For these reasons, the Court cannot say that there is good cause for granting Defendant's motion because the deadline for doing so set in the Case Management Order passed, the dispute between Defendant and its insurer is collateral to that raised in this case, and there is no prejudice to Defendant from allowing it to pursue its claims against its insurer in a separate action. Therefore, the Court **DENIES** Defendant's motion for leave to file a third-party complaint. (ECF No. 13.)

**SO ORDERED.**

Dated: June 13, 2022

J. Philip Calabrese
United States District Judge
Northern District of Ohio